# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| DUANE C. WHITE,<br><br>    Plaintiff,<br><br>vs.<br><br>WALTER L. KAUTZKY, Director of the Iowa Department of Corrections, and JOHN F. AULT, Warden of Anamosa State Penitentiary,<br><br>    Defendants. | No. C 02-0088-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION TO AMEND JUDGMENT** |

_____

This matter comes before the court pursuant to plaintiff White's October 5, 2005, Motion To Amend Judgment (docket no. 66). White's motion is in response to the court's September 8, 2005, Memorandum Opinion And Order Regarding Magistrate Judge's Report And Recommendation On The Merits (docket no. 59), which is published at *White v. Kautzky*, 386 F. Supp. 2d 1042 (N.D. Iowa 2005).

White, who is a prisoner at the Animosa State Penitentiary (ASP), asserted an "access to the courts" claim pursuant to 42 U.S.C. § 1983 based on the alleged failure of "contract attorneys" for the legal assistance program at the ASP to assist him with research to determine whether or not he has (or had) a viable claim for post-conviction relief. As the potential basis for post-conviction relief, White contended that Iowa officials violated Iowa's version of the Uniform Criminal Extradition Act in transferring him back and forth between Iowa and South Dakota, without ever satisfying the requirements of the Act, before he pleaded guilty to charges in Iowa. White contended that the extradition violations may have deprived Iowa courts of jurisdiction to convict him. White contended

that he needed advice and research as to the merits of his claim—that is, he could not risk simply filing for post-conviction relief—because, pursuant to the terms of his plea agreement, filing a post-conviction relief application would have allowed the prosecutor to reinstate additional charges bearing additional potential sentences of up to 150 years. In its ruling on the merits, the court rejected a report and recommendation of a magistrate judge, which recommended that White's claim be denied; found and declared that White's access to the courts was unconstitutionally impeded by the legal assistance system at the ASP, which precluded all legal research on White's improper extradition claim, even where such legal research would have been reasonably necessary, in the exercise of a legal advisor's reasonable professional judgment, to provide reasonably competent legal advice on the merits of White's improper extradition claim; and awarded $1.00 in nominal damages. However, the court rejected punitive damages and injunctive relief. The court directed that judgment enter accordingly.

The defendants filed a notice of appeal on October 5, 2005 (docket no. 64). White did not appeal; instead, on October 5, 2005, after an extension of time to do so, White filed the Motion To Amend Judgment (docket no. 66) presently before the court. In his motion, White asserts that the court erred by failing to award compensatory damages of $25,000, to allow him to pay an attorney to research the issues and to determine whether or not he should file an action for post-conviction relief or, in the alternative, by failing to enjoin the defendants to provide an attorney at the defendants' expense for that purpose. White contends that an award of monetary damages will compensate him for his injury, because he will be able to determine whether or not he should file a post-conviction relief action in the Iowa state courts. He contends that the amount of monetary damages he is seeking is reasonable, because it is based on information from various attorneys he has contacted about what amount would be sufficient to provide him with adequate legal

assistance if he concludes, based on adequate legal advice, that a post-conviction relief action should be filed. In the alternative, White contends that the court should have enjoined the defendants to provide an attorney to research the extradition issue and whether or not he should file for post-conviction relief on that basis, because his potential post-conviction relief action is not untimely, as the court held, because he was precluded by the failure of the state to provide access to the courts from raising the asserted ground for post-conviction relief. The defendants did not respond to White's Motion To Amend Judgment.

Rule 59(e) reads as follows:

> (e) Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

FED. R. CIV. P. 59(e) (2003). Rule 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment. *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (citing *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445 (1982)). Like Rule 52(b) motions, Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)*; see Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir.), *cert. denied*, 488 U.S. 820 (1988). A motion to amend a judgment under Rule 59(e) can be granted for one of three purposes: (1) to incorporate an intervening change of law; (2) to present new evidence previously unavailable; or (3) to correct clear error or prevent manifest injustice. *See Hagerman*, 839 F.2d at 414 (citation omitted); *Baker v. John Morrell & Co.*, 266 F. Supp. 2d 909, 919 (N.D. Iowa 2003). However, Rule 59(e) motions cannot be used to "introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Baker*, 266 F. Supp. 2d at 919 (citing *Hagerman*, 839

F.2d at 414). "A district court has broad discretion in determining whether to grant a [Rule 59(e) ] motion to alter or amend judgment." *Innovative Home Health Care, Inc*, 141 F.3d at 1286 (quoting *Global Newtork Techs., Inc. v. Regional Airport Auth.*, 122 F.3d 661, 665 (8th Cir. 1997)) (citation and quotations omitted). Denial of a Rule 59(e) motion is reviewed for abuse of discretion and the district court abuses its discretion only if its judgment was "'based on clearly erroneous factual findings or erroneous legal conclusions.'" *Id.* (quoting *Perkins v. U.S. West Communications*, 138 F.3d 336, 340 (8th Cir. 1998)) (citations and quotations omitted); *see also Computrol, Inc. v. Newtrend, L.P.*, 203 F.3d 1064, 1070 (8th Cir. 2000); *Roark v. City of Hazen, Ark.*, 189 F.3d 758, 761 (8th Cir. 1999); *Baker*, 266 F. Supp. 2d at 919.

Although White's motion to amend the judgment in this case was not filed within ten days of entry of judgment, as specified in Rule 59(e), it was nevertheless timely, pursuant to the court's order granting an extension of time. Order of September 21, 2005 (docket no. 63). Therefore, the court will consider the merits of the motion under the standards identified above. White does not assert that there is newly discovered evidence or that there has been an intervening change in the law; rather, his motion to amend judgment is premised on manifest error of law and fact. *See Innovative Home Health Care, Inc.*, 141 F.3d at 1286 (identifying grounds for amending judgment pursuant to Rule 59(e)); *Hagerman*, 839 F.2d at 414 (same); *Baker*, 266 F. Supp. 2d at 919 (same). More specifically, he asserts that the court made manifest legal and factual errors in determining that his constitutional injury would not be compensated by an award of monetary damages to pay an attorney to research his potential post-conviction relief claim and in determining that injunctive relief to compel the defendants to pay for such an attorney was not appropriate, because his post-conviction relief action is now untimely. The court will consider these contentions in turn.

The court again rejects White's contention that he is entitled to $25,000 in monetary damages to pay for legal assistance to research and pursue his potential claim for post-conviction relief. The court reiterates its conclusion that White has not suffered any "injury" in the form of such legal expenses, because he would have been entitled to litigate the claim *pro se* or to request appointment of counsel. Nor has White asserted that he suffered any other compensable injury as a result of the violation of his right of "access to the courts." *See Royal v. Kautzky*, 375 F.3d 720, 723-24 (8th Cir. 2004) (explaining available remedies in all federal actions brought by prisoners), *cert. denied sub nom. Royal v. Reid*, ___ U.S. ___, 125 S. Ct. 2528 (2005). White may not recover "some indescribable and indefinite damage allegedly arising from a violation of his constitutional rights," and "nominal" damages are sufficient to "vindicate" those rights. *See id.* at 724 (the district court appropriately awarded $1.00 in nominal damages for violation of the plaintiff inmate's First Amendment rights).

Moreover, neither an award of monetary damages that would allow White to obtain counsel to research and pursue his potential post-conviction relief action nor an injunction requiring the defendants to provide counsel for that purpose is appropriate. Although White contends that he could show that he can escape the statute of limitations on a post-conviction relief action, because his potential ground for post-conviction relief "could not have been raised within the applicable period," *see* IOWA CODE § 822.3 (applicable statute of limitations for post-conviction relief actions), where the violation of his right of "access to the courts" prevented him from raising that ground, the court pointed out in its prior ruling that White's claim of improper extradition is cognizable, if at all, only as an action pursuant to 42 U.S.C. § 1983. *See Brown v. Nutsch*, 619 F.2d 758, 761 (8th Cir. 1980) (recognizing that improper extradition does not deprive a court of jurisdiction over a criminal defendant, but also recognizing that 42 U.S.C. § 1983 does provide a remedy,

5

a suit for damages, for a claim of improper extradition). However, as the court also explained in its prior ruling, the two-year limitations period applicable to such a § 1983 action also expired before the limitations period on White's supposed post-conviction relief claim expired. *See Wycoff v. Menke*, 773 F.2d 983 (8th Cir. 1985) (a § 1983 claim is subject to the two-year statute of limitations in IOWA CODE § 614.1(2)), *cert. denied*, 475 U.S. 1028 (1986). Therefore, enjoining the defendants to provide the legal research that would be reasonably necessary for White's potential § 1983 claim of improper extradition would avail White nothing. White made no argument in litigating this action, and makes no argument in his Motion To Amend Judgment, that the statute of limitations on a § 1983 claim was somehow tolled. Consequently, the court finds no manifest error of law or fact that requires revision of the court's September 8, 2005, ruling. *See Innovative Home Health Care, Inc.*, 141 F.3d at 1286 (identifying grounds to amend judgment under Rule 59(e), including manifest error of law or fact); *Hagerman*, 839 F.2d at 413 (same); *Baker*, 266 F. Supp. 2d at 919 (same).

THEREFORE, although the court has reconsidered its September 8, 2005, ruling pursuant to plaintiff White's October 5, 2005, Motion To Amend Judgment (docket no. 66), the court finds no ground for altering or amending its ruling or the judgment entered in this case. Plaintiff White's October 5, 2005, Motion To Amend Judgment (docket no. 66) is **denied**.

**IT IS SO ORDERED.**

**DATED** this 18th day of January, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA